
### CULLENandDYKMANLLP

**James G. Ryan**
Partner
Direct Dial: (516) 357-3750
Facsimile: (516) 296-9155
jryan@cullenanddykman.com

Garden City Center
100 Quentin Roosevelt Boulevard
Garden City, New York 11530-4850
Telephone (516) 357-3700 • Facsimile (516) 357-3792

April 10, 2014

**VIA ECF**
Honorable Kiyo A. Matsumoto, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE:   *Komoda v. Palmco Energy NJ, LLC, et al.*
      *Civil Case No. 14-CV-1679 (KAM) (VVP)*

Dear Judge Matsumoto:

This firm represents Palmco Energy NJ, LLC ("Palmco Energy") and Palmco Power NJ, LLC ("Palmco Power") (collectively, "Palmco"), the defendants in the above matter. We write to respectfully request the scheduling of a pre-motion conference to obtain permission to file a motion to dismiss the plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff Kurt Komoda ("Komoda") commenced this putative class action seeking monetary and injunctive relief against Palmco under New Jersey state law. His class action complaint ("Complaint") asserts three causes of action: (1) Violation of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, *et seq.*; (2) Breach of Contract; and (3) Unjust Enrichment. Palmco was served with the Complaint on March 20, 2014.

Komoda is a former Palmco customer. In April of 2012, he entered into a renewable, month-to-month contract with Palmco for the supply of natural gas and electricity to his residence. See Complaint, Exhibit 1. Under the terms of the contract, Komoda agreed to pay Palmco a variable rate for each commodity. With respect to natural gas, the contract provided that the price would vary from month to month "based on the applicable monthly NYMEX closing price for natural gas, applicable interstate transportation costs, and supply and agency functions that Palmco performs for you, and other prevailing market conditions." Id at p.1. With respect to electricity, the contract provided that the price would vary from month to month and be "based on a monthly zonal locational marginal price ("LMP") determined on a day ahead or real time basis, any supply and agency functions that Palmco performs for you, certain transmission capacity, ancillary, and administrative costs incurred by Palmco, and other prevailing market conditions." Id. The contract expressly stated that "[s]avings [were] not guaranteed" under the variable rate pricing arrangement. Id. The contract also expressly stated that it was cancellable at any time and that there were no penalties or charges for its cancellation.

CULLENandDYKMANLLP

Hon. Kiyo A. Matsumoto
April 10, 2014
Page 2

Komoda cancelled his service with Palmco in February of 2014. Complaint at ¶ 14. He now claims, after renewing his Palmco contract month after month almost two years, all without complaint, that Palmco deceived him as to its rates and overcharged him for the gas and electricity he purchased.

## **GROUNDS FOR MOTION**

The Complaint should be dismissed for a variety of reasons. First, the Court lacks subject matter jurisdiction. Komoda alleges that jurisdiction is authorized pursuant to 28 U.S.C. § 1332(d), commonly known as the Class Action Fairness Act of 2005 ("CAFA"). Id. at ¶ 4. CAFA requires the existence of minimal diversity. Here, however, there is none. Komoda is a New Jersey citizen. Id. at ¶ 5. So too are Palmco Power and Palmco Energy, at least for CAFA purposes. As limited liability companies, the Palmco entities are "unincorporated associations" within the meaning of 28 U.S.C. § 1332(d)(10) and deemed to be citizens of the State where they have their principal places of business (New York) and the State under whose laws they are organized (New Jersey). See Ferrell v. Express Check Advance of SC LLC, 591 F.3d 698, 700 (4th Cir. 2010). Accordingly, because the requisite minimal diversity of citizenship is lacking, the Complaint should be dismissed pursuant to Rule 12(b)(1).

This Court's subject matter jurisdiction is further undermined by the nature of the relief sought in the Complaint. In New Jersey (as everywhere else), ratemaking is a *legislative* function, not a judicial one. See e.g., In re Petition of Elizabethtown Water Co., 107 N.J. 440, 452 (1987). With the Electric Discount and Energy Competition Act ("EDECA") of 1999, N.J.S.A. § 48:3-49, *et seq.*, the New Jersey Legislature affirmatively chose to open up the retail energy market to third-party suppliers and allow the prices charged by such suppliers to be set by the competitive marketplace, rather than the traditional rate regulation imposed on public utilities. Komoda would have this Court disregard that decision. By asking the Court to determine the permissible rate Palmco could charge him for gas and electricity, Komoda is implicitly (if not explicitly) inviting the Court to usurp the function of the Legislature and engage in ratemaking. To do so would be an express violation of the competitive scheme adopted under the EDECA.[1]

Dismissal of the Complaint is also warranted under Rule 12(b)(6) based on Komoda's failure to state a viable claim for relief. For example, Komoda asserts that Palmco violated the New Jersey Consumer Fraud Act ("CFA") by representing that its prices were based on the NYMEX, LMP and "prevailing market conditions" when, allegedly, its prices were substantially higher. See Complaint at ¶¶ 43(f), 47-49. This is insufficient. The contract clearly provided that those were just a few of numerous factors taken into account when determining price, including the amount Palmco elected to charge for "supply and agency functions it perform[ed]" for Komoda. See Complaint, Exhibit 1 at p. 1. Even if Palmco charged an allegedly "exorbitant" amount for performing these functions, that is not a violation of the CFA. See Turf Lawnmower Repair, Inc. v. Bergen Record Corp., 139 N.J. 392, 416 (N.J. 1995); Quigley v. Esquire

---

[1] As a further point, even if rate regulation were appropriate, the task of ratemaking is uniquely suited to the BPU, which licenses and regulates the activities of third-party suppliers such as Palmco. See N.J.A.C. §14:4-5.1 *et seq.*

*CULLENandDYKMAN*LLP

Hon. Kiyo A. Matsumoto
April 10, 2014
Page 3

Deposition Services, LLC, 409 N.J. Super. 69, 80, 975 A.2d 1042, 1048 (App. Div. 2009). Moreover, given that Komoda repeatedly renewed his Palmco contract, despite his alleged dissatisfaction with its prices as compared to those charged by other energy suppliers, he cannot plausibly claim that Palmco's representations as to price caused him an ascertainable loss. He was free to leave Palmco, without penalty, at any time. Instead, he continued his purchases.

Komoda's breach of contract claim fares no better. To state a cause of action for breach of contract under New Jersey law, a plaintiff "must allege (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) *that the party stating the claim performed its own contractual obligations*." Frederico v. Home Depot, 507 F.3d 188, 203 (3d Cir. 2007) (emphasis added). In this case, Komoda opines that Palmco must have charged him for gas and electricity using factors to which he had not agreed because Palmco's rates did not move in lockstep with the NYNEX and LMP and, allegedly, were far in excess of those charged by Public Service Gas & Electric ("PSE&G"), the local public utility whose rates Komoda unilaterally deems to be reflective of "prevailing market conditions".[2] Even if that were true (which is not the case), Komoda was still required to comply with the dispute procedure incorporated into the contract. That provision called for Komoda to contact Palmco directly in the event he had any "questions or complaints about [his] service under [the] Agreement." See Complaint, Exhibit 1 at p. 2. He was then free to contact the BPU. Id. In the case at bar, there is no allegation that Komoda contacted Palmco to dispute his bills at any time while he was still a customer. That alone requires dismissal.

Komoda's third claim for unjust enrichment must be dismissed as well. It is well settled that "recovery under unjust enrichment may not be had when a valid, unrescinded contract governs the rights of the parties." Van Orman v. A. Ins. Co., 680 F.2d 301, 310 (3d Cir. 1982). Such is the case here. Not only is there a valid contract, Komoda has gone so far as to annex it to his Complaint.

For all the foregoing reasons, Palmco respectfully requests that this Court grant its application for a pre-motion conference. Palmco proposes to serve its anticipated motion to dismiss within fourteen (14) days of the conference. Komoda's opposition would be due thirty days (30) days following service of the motion and Palmco's reply would be due fourteen (14) days after service of Komoda's opposition.

We thank the Court for its consideration.

Respectfully,

James G. Ryan, Esq. (JR 9446)
Adam M. Marshall, Esq. (AM 6747)

cc: D. Greg Blankinship, Esq. (Via ECF)

---

[2] This mischaracterization of PSE&G's rates for "Basic gas supply service" and "Basic generation service" pervades Komoda's entire Complaint. These rates are outside the marketplace and set by the BPU. They each are, by regulation, deemed "not a competitive service and is fully regulated by the Board." N.J.A.C. 14:4-1.2.